■ ROBERT D. DIGNON, as Executor of MARIE MARECHAL, Deceased, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— In an action to recover damages for personal injury sustained by the plaintiff's testatrix while she was a passenger of a bus owned by defendant, in which a judgment had been entered upon a jury's verdict in favor of said testatrix (who died pending appeal), the plaintiff appeals from an order of the Supreme Court, Kings County, entered February 6, 1963, which, upon the defendant's motion:

(a) set aside the verdict; (b) directed that the judgment be cancelled of record; and (c) ordered new trial, on the ground of newly discovered evidence. Order reversed on the law and the facts and in the exercise of discretion, with $20 costs and disbursements to plaintiff; motion denied; and judgment reinstated. The defendant's motion is without merit. As of the date of the trial, the defendant was aware of the potential advantageous use of the opaque panel at the right front of the bus in order to rebut the testimony of the plaintiff's witness Cogan concerning occurrences allegedly witnessed by him through the right front window of the bus from his seat directly in front of the rear exit. Defendant introduced the testimony of its foreman Mandel as to the presence of the panel. By ordinary diligence it could have produced on that subject any further proof it saw fit. The proposed new testimony is not such further proof; and the so-called experiment added nothing by reason of the fact that a civil engineer had conducted it. The presence of a disbarred attorney at the counsel table during the trial did not affect the result. This attorney (who had been disbarred on June 3, 1959) and one Newman were the attorneys for plaintiff who originally had commenced the action. But Newman is the one who is referred to in the minutes of the trial as the attorney of record for the plaintiff. It is not disputed that after the commencement of the action the disbarred lawyer did no more than to cause his name to be appended to an order setting the case down for trial. We do not regard his mere listening to a witness' version of the accident as practice of the law. The transcript shows that the trial counsel for the plaintiff is the one who exclusively conducted her case. The disbarred lawyer, although present, did not actually participate in the trial, and there is nothing to show that his status and presence served in any way to affect the result of the trial. Ughetta, Acting P. J., Christ, Hill and Rabin, JJ., concur; Brennan, J., dissents and votes to affirm the order on the ground that a new trial is required in the interests of justice.